

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00298-CR

**WILLIAM HENRY HUGHES, JR. AKA WILLIAM HUGHES, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the Criminal District Court 4
Tarrant County, Texas
Trial Court No. 1743688R, Honorable Everett Young, Presiding

June 6, 2023

Before QUINN, C.J., and PARKER and DOSS, J.J.

MEMORANDUM OPINION[1]

The issue before us exemplifies the misconception urged upon viewers of some fictional crime shows . . . the accused cannot be convicted when the victim refuses or fails to testify. If this were true, then murder convictions would be few and far between. Here, we do not deal with a murder but rather William Henry Hughes' conviction for continuous violence against a family member. He believes it lacked the support of legally sufficient

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

evidence because the victim "never testified that William Hughes struck her, hurt her or injured her in any way." We affirm.

The standard of review is that discussed in *Queeman v. State*, 520 S.W.3d 616 (Tex. Crim. App. 2017). To *Queeman* we add that a victim's recantation does not necessarily diminish the sufficiency of other evidence establishing guilt, such as evidence presented through witnesses, photographs, medical records, and the like. *Trowbridge v. State*, No. 07-17-00136-CR, 2018 Tex. App. LEXIS 7482, at *9 (Tex. App.—Amarillo Sept. 22, 2018, no pet.) (mem. op., not designated for publication). Indeed, "a criminal conviction, which requires proof beyond a reasonable doubt, may rest on hearsay despite the lack of the complainant's testimony or even the complainant's recantation." *Jackson v. State*, 110 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). All depends upon the jury. It has the authority to weigh those recantations into the mix or reject them. *Walker v. State*, No. 02-16-00139-CR, 2017 Tex. App. LEXIS 10813, at *24 (Tex. App.—Fort Worth Nov. 16, 2017, pet. ref'd) (mem. op.). But, "[s]uch a conflict [e.g., recantations] in the evidence, without more, is not enough to render the evidence insufficient." *Id.* That said, we turn to the record before us.

We begin with the acknowledgements in appellant's brief, that 1) "evidence indicates that the Appellant struck [the female victim whom he dated] and strangled her with a strap from a duffel bag" and 2) "evidence further indicates that he beat her . . . so badly that she had to be taken to a hospital." Our review of the record confirms those acknowledgements. He assaulted her. It further revealed at least one other assault upon her by him within a year. Though this evidence did not come from the victim herself, it appeared in the form of testimony from officers responding to the victim's calls, their

2

reiteration of her statements to them, their observations of her, camera footage, and 911 recordings.

One commits the offense of continuous violence against the family if, "during a period that is 12 months or less in duration, the person two or more times" engages in conduct constituting assault against a family member.[2] TEX. PENAL CODE ANN. § 25.11(a). Furthermore, "assault" is defined as "intentionally, knowingly, or recklessly caus[ing] bodily injury to another[.]" TEX. PENAL CODE ANN. § 22.01(a)(1). The record at bar contains more than some evidence from which a reasonable jury could conclude, beyond reasonable doubt, that appellant committed each element of the crime for which he was convicted. That the victim may have recanted or otherwise became unable or unwilling to recall being assaulted does not mandate a contrary determination.

Consequently, we overrule the sole issue before us and affirm the judgment.

Brian Quinn
Chief Justice

Do not publish.

---

[2] Family member includes persons in a dating relationship. TEX. FAM. CODE ANN. § 71.0021(b). Appellant does not argue the victim was not a family member.

3